UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY SHAWN CATO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23-CV-0387-GKF-SH |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Timothy Shawn Cato, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2014-5212. Respondent Carrie Bridges has moved to dismiss the petition, arguing that Cato failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Having considered the petition (Dkt. 1), respondent's motion to dismiss (Dkt. 10) and brief in support (Dkt. 11), and Cato's response in opposition to the motion (Dkt. 14), the Court grants respondent's motion and dismisses the petition with prejudice, as barred by the one-year statute of limitations.

I.     BACKGROUND

Cato was convicted by a jury on November 10, 2016, on five counts of child sexual abuse, in violation of OKLA. STAT. tit. 21, § 843.5(E), and six counts of sexual abuse of a child under twelve, in violation of OKLA. STAT. tit. 21, § 843.5(F). Dkt. 11-1, at 2-3, 10-11.[1] The state district court sentenced Cato to consecutive terms totaling 215 years. *Id.* at 11. Cato directly appealed his conviction and sentence, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on

---

[1] The Court's citations refer to the CM/ECF header pagination.

October 4, 2018.  Dkt. 11-14.  Cato then filed an application for postconviction relief on December 11, 2019, which the state district court denied on the merits in an order dated November 2, 2020, and filed November 20, 2020.  Dkts. 11-15, 11-16, 11-18.  Cato did not timely appeal the denial of postconviction relief.

On November 23, 2021, however, Cato submitted a motion for summary disposition seeking a ruling on his application for postconviction relief.  Dkt. 11-19.  The state district court denied the motion in a docket entry dated December 9, 2021, noting that Cato's "application for post-conviction relief was denied on 11-2-2020."  Dkt. 11-1, at 22.  Cato then filed an application for writ of mandamus with the OCCA on June 23, 2022, again seeking a ruling on his application for postconviction relief.  Dkt. 11-20.  The state district court issued a response on June 30, 2022, stating that it had already issued a ruling on Cato's application.  Dkt. 11-21.  The OCCA subsequently dismissed Cato's request for mandamus relief as moot on July 29, 2022, holding that the state district court had "fully adjudicated [Cato's] complaints."  Dkt. 11-22, at 4.

Cato then filed an application for postconviction relief on December 2, 2022, requesting a postconviction appeal out of time.  Dkt. 11-24.  Cato claimed in his application that he never received the order denying his original application for postconviction relief and supported this assertion with an affidavit and a copy of his prison mail log.  *Id.* at 2, 4, 6-7.  Based on this evidence and on Cato's previous filings, the state district court determined that Cato had been denied an appeal "through no fault of his own" and recommended that Cato be granted an appeal out of time with respect to the court's denial of postconviction relief.  Dkt. 11-26, at 4-5.  The OCCA agreed with that recommendation and granted Cato leave to file an appeal out of time.  Dkt. 11-28.  Cato timely perfected his out-of-time postconviction appeal, and the OCCA ultimately affirmed the state district court's November 20, 2020, denial of postconviction relief on August 17, 2023.  Dkts.

11-29, 11-30, 11-31.

Cato filed his federal habeas petition on September 5, 2023. Dkt. 1, at 15. Cato asserts that his petition is timely because the limitations period was tolled during his postconviction proceedings. *Id.* at 13. He appears to argue that tolling occurred between the date he filed his application for postconviction relief, December 11, 2019, and the date the OCCA affirmed the state district court's denial of postconviction relief, August 17, 2023. *Id.*; Dkt. 14, at 2. Cato additionally suggests that the circumstances merit equitable tolling. Dkt. 14, at 2 ("Given the circumstances, [Cato] asserts he is timely per statute or is entitled to equitable tolling.").

II.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events are:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

3

a. The Applicable Commencement Date

Cato does not expressly invoke 28 U.S.C. § 2244(d)(1)(B), (C), or (D), and his allegations fail to demonstrate entitlement to a commencement date under these provisions. The OCCA affirmed Cato's convictions and sentences on October 4, 2018. His convictions became final on January 2, 2019, upon the expiration of his time to seek a writ of certiorari from the United States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (discussing finality of state court judgment when no petition for writ of certiorari is filed); Sup. Ct. R. 13.1 (providing ninety days to file petition for writ of certiorari). Cato's one-year limitations period under § 2244(d)(1)(A) therefore began to run on January 3, 2019. Absent statutory or equitable tolling, Cato's limitations period would have expired on January 3, 2020, rendering his September 5, 2023, petition untimely.[2]

b. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision does not apply to state petitions for postconviction relief filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Cato filed his application for postconviction relief twenty-three days prior to the expiration of his one-year limitations period under § 2244(d)(1)(A). Thus, the limitations period was tolled during the pendency of that application. In this case, 345 days elapsed between the initial filing of Cato's application (December 11, 2019) and the state district court's issuance of its opinion

---

[2] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Cato does not invoke the actual-innocence doctrine. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

4

denying that application (November 20, 2020).

Additionally, if a petitioner did not timely appeal the denial of an application for postconviction relief, the limitations period nonetheless "is tolled during the period in which [a] petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). Respondent notes that authorities differ regarding the length of this period. Dkt. 11, at 18 n.4; *compare* Okla. Stat. tit. 22, § 1087 (providing ten days for the notice of appeal and thirty days for the petition in error), *with* Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals* (providing twenty days for the notice of appeal and sixty days for the petition in error). The Court, however, "need not decide which appeal period applies," because "the result does not change even if the [Court] . . . exclude[s] 60 days," the longest potential appeal period. *Davison v. Whitten*, No. 22-5080, 2023 WL 3220855, at *3 n.4 (10th Cir. May 3, 2023).³ Assuming a sixty-day grace period for appeal, Cato's limitations period was tolled from November 20, 2020, to January 19, 2021, and resumed running on January 20, 2021. Cato had twenty-three days remaining in his limitations period to file his federal habeas petition. Accordingly, his deadline to seek habeas relief, pursuant to these dates, was February 11, 2021.

However, if a petitioner received a postconviction appeal out of time, the limitations period is also tolled from the date the petitioner filed his application for leave to appeal out of time in the state district court to the date the state appellate court issued its ruling on the appeal. *See Gibson*, 232 F.3d at 803. Respondent contends that the limitations period should not be tolled during this interval in Cato's case because Cato did not seek leave to appeal out of time until December 2, 2022, after his one-year limitations period under the AEDPA expired. Dkt. 11, at 18-19

---

³ The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

("[B]ecause Petitioner's . . . Application for Post-Conviction Relief for an Appeal Out of Time, and post-conviction appeals to the OCCA . . . were filed *after* the expiration of Petitioner's statute of limitations—to the extent such filings could be considered properly-filed tolling motions under § 2244(d)(2)—those filings did not act to toll the statute of limitations."). Yet, the authorities Respondent cites do not address whether tolling continues during an out-of-time postconviction appeal initiated outside the AEDPA's one-year statutory period, when the original application was timely filed within that period. Because the issue does not determine the outcome of this case, the Court assumes without deciding that Cato is entitled to statutory tolling for the 258 days that elapsed between the filing of his application for leave to appeal out of time (December 2, 2022) and the OCCA's opinion affirming the state district court's denial of his application (August 17, 2023). *See Gibson*, 232 F.3d at 803, 807.

Taking the three aforementioned tolling periods into account, Cato's deadline to file his federal habeas petition was statutorily tolled from December 11, 2019, to January 19, 2021, and again from December 2, 2022, to August 17, 2023. Cato initiated this action on September 5, 2023. Because the intervening periods exceed the twenty-three days Cato had remaining in his one-year deadline under § 2244(d)(1), the tolling afforded Cato under § 2244(d)(2) does not render his petition timely.

      c.  <u>Equitable Tolling</u>

Because the AEDPA's one-year statute of limitations is not jurisdictional, federal courts have discretion to toll the limitations period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 649-50 (2010). Equitable tolling "is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). It is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by

6

extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). It may be appropriate, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808. Significantly, the Tenth Circuit has recognized that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001); *see Trimble v. Hansen*, 764 F. App'x 721, 725 (10th Cir. 2019) (explaining that "[a] prolonged delay in the state court's mailing of an order or in the prisoner's receipt thereof" can qualify as an "extraordinary circumstance" justifying equitable tolling).

The Court need not decide, however, whether the circumstances of this case merit equitable tolling, as the period at issue is insufficient to render Cato's petition timely. Cato had only twenty-three days remaining in his one-year limitations period at the time he filed his state application for postconviction relief. Cato claims he first received notice of the denial of his application on October 5, 2022. Dkt. 11-24, at 2. Assuming this is correct, fifty-eight days elapsed between that date and December 2, 2022, when Cato filed his application for leave to appeal out of time, and an additional nineteen days elapsed between the OCCA's August 17, 2023, order affirming the denial of postconviction relief and the date Cato filed his federal habeas petition (September 5, 2023). Thus, even if Cato is entitled to equitable tolling during the period in which he lacked notice of the state district court's resolution of his application for postconviction relief, the tolling does not render his petition timely.

III. CONCLUSION

Based on the foregoing, the Court grants respondent's dismissal motion (Dkt. 11) and

7

dismisses the petition, with prejudice, as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. respondent's motion to dismiss (Dkt. 10) is **granted**;

2. the petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 1st day of August, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE